O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **SHARON M. WILLIAMS-DATCHER,** | ) | NO. EDCV 07-837-MAN |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | AND ORDER |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of the** | ) | |
| **Social Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

Plaintiff filed a Complaint on July 10, 2007, seeking review of the denial by the Social Security Commissioner ("Commissioner") of Plaintiff's claims for a period of disability ("POD"), disability insurance benefits ("DIB"), and supplemental security income ("SSI"). On July 31, 2007, the parties consented to proceed before the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c). The parties filed a Joint Stipulation on March 12, 2008, in which: Plaintiff seeks an order reversing the Commissioner's decision and remanding the case solely for the calculation and payment of benefits or, in the alternative, remanding for the correction of legal errors; and Defendant seeks an order affirming the Commissioner's decision. The Court has taken the parties' Joint Stipulation under

submission without oral argument.

**SUMMARY OF ADMINISTRATIVE PROCEEDINGS**

Plaintiff filed applications for a POD, DIB, and SSI on July 10, 2003, and May 21, 2004. (Administrative Record ("A.R.") 74-79, 654-57.)[1] Plaintiff claims to have been disabled since May 31, 2003, due to sarcoidosis, dizziness, coughing, chest pain, vomiting, pacemaker replacement, back pain, heart palpitations, severe headaches, fatigue, and depression. (A.R. 695-98, 701-02, 709, 711.) She has past relevant work experience as a customer service representative, sales manager, and sales account executive. (A.R. 104, 676-82.)

The Commissioner denied Plaintiff's claim initially and upon reconsideration. (A.R. 29-32, 40-44.) Plaintiff filed a timely written request for hearing, and on November 9, 2006, Plaintiff, who was represented by counsel, testified at a hearing before Administrative Law Judge Eve B. Godfrey ("ALJ"). (A.R. 669-716.) On January 10, 2007, the ALJ denied Plaintiff's claim, and on May 14, 2007, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. (A.R. 18-24, 6-9.)

///

///

---

[1] The May 21, 2004 application is of principal relevance to this decision.

**SUMMARY OF ADMINISTRATIVE DECISION**

In her January 10, 2007 written decision, the ALJ found that Plaintiff: meets the nondisability requirement for a POD and DIB; is insured for benefits through December 31, 2009; and has not engaged in substantial gainful activity through May 31, 2003, the alleged onset of her disability. (A.R. 20.) The ALJ determined that Plaintiff has severe impairments consisting of heart disease, history of arrhythmia status post pacemaker implantation, and sarcoidosis, but she does not have an impairment or combination of impairments listed in, or medically equal to an impairment listed in, Appendix 1, Subpart P, Regulations No. 4. (A.R. 20-21.) The ALJ determined that Plaintiff has the residual functional capacity to perform some sedentary work in jobs not requiring more than minimal talking, with occasional stair climbing, occasional stooping, occasional crouching, no crawling, no climbing of ladders, ropes, or scaffolds, no exposure to lung irritants or magnetic machinery, and no work at unprotected heights. (A.R. 21.)

The ALJ did not accord significant weight to the opinion of Plaintiff's alleged treating physician, Madavi Vetsa, M.D., because: Plaintiff "treated" with Dr. Vetsa at most twice in a four month period; Dr. Vesta's opinion overreaches in time and scope; and Dr. Vetsa's opinion is not supported by objective evidence. (A.R. 22.) The ALJ accorded "no weight" to the opinion of Henry Johnson, M.D., an examining physician, because Dr. Johnson's opinion is "muddled, overreaches in opined limitations, overreaches in opined purported multiple impairments, and is not objectively supported in the record." (A.R. 23.) The ALJ also found Plaintiff's statements concerning the

intensity, duration, and limiting effects of her symptoms to be not entirely credible. (A.R. 23.)

Accordingly, based on Plaintiff's physical residual functional capacity and the testimony of the vocational expert, the ALJ concluded that Plaintiff is unable to perform any of her past relevant jobs as a customer service representative, sales manager, or sales account executive. (A.R. 23.) However, in light of Plaintiff's age, education, work experience, and residual functional capacity, the vocational expert opined that there are a significant number of jobs in the national economy that Plaintiff can perform. (*Id.*) Therefore, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time since her alleged onset date of May 31, 2003, through the date of the ALJ's decision. (A.R. 23-24.)

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. The "evidence must be more than a mere scintilla but not necessarily a preponderance." Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003)(citation omitted).

The Court will uphold the Commissioner's conclusion when the evidence is susceptible to more than one rational interpretation. Burch

v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). While inferences from the record can constitute substantial evidence, only those "reasonably drawn from the record" will suffice. Widmark v. Barnhart, 454 F.3d 1063 (9th Cir. 2006)(citation omitted). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists when it is clear from the record that "the ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006)(quoting Stout v. Comm'r, 454 F.3d 1050, 1055-56 (9th Cir. 2006)).

**DISCUSSION**

Plaintiff alleges the following two issues: (1) whether the ALJ erred in failing to credit the opinions of Plaintiff's treating and examining physicians; and (2) whether the ALJ erred in finding Plaintiff's subjective complaints to be not entirely credible. (Joint Stipulation ("Joint Stip.") at 6, 17.) The Court addresses these issues below.

**I.   The ALJ Properly Assessed The Opinions Of Dr. Vetsa And Dr. Johnson.**

Generally, a treating physician's opinion is given greater weight, because "'he is employed to cure and has a greater opportunity to know and observe the patient as an individual.'" Magallanes v. Brown, 881 F.2d 747, 751 (9th Cir. 1989)(citation omitted). Factors used to determine the weight given to a treating physician's opinion include: the length of the treatment relationship, the frequency of the

examination, the nature and extent of the treatment relationship, the degree to which the opinion is supported, the consistency of the opinion, and the physician's specialization. (20 CFR § 404.1527(d)(2)-(5))  When the opinion of a treating physician is contradicted, it may be rejected by the ALJ only for "specific and legitimate" reasons, based on substantial evidence in the record.  <u>Widmark</u>, 454 F.3d at 1066-67 (citation omitted).

    In the instant case, Plaintiff contends that the ALJ improperly disregarded the opinions of Plaintiff's "treating physician," Dr. Vetsa, and examining physician, Dr. Johnson.  For the reasons set forth below, the Court disagrees.

    First, the Plaintiff's characterization of Dr. Vetsa as her treating physician is misleading.  On the Multiple Impairment Questionnaire filled out by Dr. Vetsa, dated October 27, 2006, the doctor indicated that Plaintiff had been treated every one to two months in a four and one-half month period beginning on June 12, 2006, and ending on October 27, 2006.  (A.R. 624-31.)  At the hearing, however, Plaintiff's testimony revealed some confusion as to whether Dr. Vetsa had personally examined Plaintiff on one or more occasions, as Plaintiff conceded "every time I go there's a different doctor. . . . I asked her how she was going to be able to fill out this form and she said she would go through my records."  (A.R. 690.)  Even the medical expert testified that "there's no record [Plaintiff] was actually examined on that day [*i.e.*, the day the Questionnaire was completed], because all it does is review her history and her symptoms . . . .. [T]he RFC is filled out several months later so I don't think that establishes longitudinal

examinations." (A.R. 690-691.) *See* <u>Matney v. Sullivan</u>, 981 F.2d 1016, 1019 (9th Cir. 1992)(the opinion of a physician who examined the claimant only one time before issuing his opinion was properly not given controlling weight).

Second, the ALJ did not err in according Dr. Vetsa's opinion less weight because her opinion is conclusory, overreaches in time and scope, and is not supported by objective medical evidence. *See* <u>Johnson v. Shalala</u>, 60 F.3d 1428, 1432 (9th Cir. 1995)(A treating physician's opinion may be rejected where it is not supported by adequate clinical findings); <u>Matney</u>, 981 F.2d at 1016 (ALJ need not accept a medical opinion that is brief, conclusory, and unsupported by clinical findings). Despite Dr. Vetsa's limited treating relationship with Plaintiff, the limitations set forth by Dr. Vetsa in the Multiple Impairment Questionnaire preclude any significant work activity and date back to 2004 -- two years before Dr. Vetsa ever treated or examined Plaintiff. (A.R. 22, 630.) Further, at the hearing, the medical expert testified that the progress notes from Loma Linda Medical Center, where Dr. Vetsa is employed, do not match the residual functional capacity limitations on the Multiple Impairment Questionnaire. (A.R. 577-619, 623-31.)

Third, the ALJ's reasons for according Dr. Johnson's opinion no significant weight are based upon substantial evidence and are "specific and legitimate" in accordance with the governing legal standards. Dr. Johnson, who examined Plaintiff at the request of Plaintiff's attorney, set forth limitations which also are clearly overreaching in scope, based (at least in part) on Plaintiff's subjective complaints, and are

unsubstantiated by the objective medical evidence.  *See* Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002)("The ALJ need not accept the opinion of any physician . . . if that opinion is . . . inadequately supported by clinical findings.")  Dr. Johnson, an internist, examined Plaintiff on October 21, 2006, and produced a resulting 13 page evaluation of Plaintiff's medical condition for which he charged Plaintiff $650. (A.R. 632-45, 673.)  The lengthy analysis by Dr. Johnson diagnoses Plaintiff with systemic, pulmonary, and myocardial sarcoidosis, malignant cardiac arrhythmias, atypical chest pain, generalized fibromyalgia, chronic fatigue syndrome, chronic stress disorder with depression, and moderate hypertension. (A.R. 641.)  The ALJ correctly noted that "Dr. Johnson based his opinion in part upon a 'debilitated psychological profile,' although Dr. Johnson is admittedly an internist and the record is absent objective evidence of any mental impairment."  (A.R. 22-23.)  Further, Dr. Johnson's opinion considered purported "musculoskeletal and mental impairments, which he finds apparently on the basis of self report, although the objective evidence of record does not refer to related symptoms nor establish said impairments as medically determinable."   (A.R. 23.)

   Therefore, the ALJ's rejection of the medical opinions of Drs. Vetsa and Johnson is based upon substantial evidence and free from legal error.

///

///

## II. The ALJ Failed To Provide Sufficiently Clear And Convincing Reasons For Discrediting Plaintiff's Credibility And, Thus, Rejecting Plaintiff's Subjective Testimony.

The law is well-settled that, once a disability claimant produces evidence of an underlying physical impairment that is reasonably likely to be the source of her subjective symptom(s), all subjective testimony as to the severity of the symptoms must be considered. Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 2001)(*en banc*); *see* Cotton v. Bowen, 799 F.2d 1403, 1408 (9th Cir. 1986); *see also* 20 C.F.R. § 416.929(a) (explaining how pain and other symptoms are evaluated). "Unless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each." Robbins, 466 F.3d at 883; *see* Smolen v. Chater, 80 F.3d 1273, 1283-84 (9th Cir. 1996) ("Once a claimant meets the *Cotton* test and there is no affirmative evidence suggesting she is malingering, the ALJ may reject the claimant's testimony regarding the severity of her symptoms only if he makes specific findings stating clear and convincing reasons for doing so."); *see also* Lester v. Chater, 81 F.3d 821 (9th Cir. 1996). Further, the ALJ's credibility findings must be "sufficiently specific" to allow a reviewing court to conclude that the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony. Moisa, 367 F.3d at 885. If the ALJ's interpretation of the claimant's testimony is reasonable and supported by substantial evidence, it is not the Court's role to "second-guess" it. Rollins v. Massanari, 261 F. 3d 853, 857 (9th Cir.

2001).

In the instant case, Plaintiff contends that the ALJ did not provide clear and convincing reasons for discrediting her testimony regarding her subjective pain and other symptoms. The ALJ cites the following reasons for discrediting Plaintiff's testimony: (1) the objective evidence and clinical presentations of record reflect that Plaintiff's condition is stable, and medical work-ups have not been supportive of greater limitations than those found by the ALJ; (2) Plaintiff has been non-compliant with prescribed follow-up care; and (3) because Plaintiff's symptoms are reported to be intermittent, she is capable of some sustained work activity. (A.R. 23.) For the reasons set forth below, this Court agrees that the ALJ's reasons for discrediting Plaintiff's pain and symptom testimony are not legally sufficient.

Where there is medical evidence of underlying impairment, an ALJ may not discredit claimant's testimony as to the severity of her symptoms merely because the alleged severity is not supported by the objective medical evidence. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). In her written decision, the ALJ did not identify what portions of Plaintiff's subjective pain and symptom testimony were not credible, nor did the ALJ set forth any evidence that undermined Plaintiff's testimony. "The ALJ must state specifically which symptom testimony is not credible and what facts in the record led to that conclusion." Smolen, 80 F.3d at 1284 (citation omitted).

At the hearing, Plaintiff testified that she is "dizzy all day," has a cough that is "so violent [that she has] to wear . . . undergarment pants because [her] bladder becomes extremely week," and "throws up a lot." (A.R. 696-97.) Plaintiff further testified that she suffers from severe chest pain and "extreme[ly] violent headaches" for which she takes up to "a couple Vicodins." (A.R. 699.) Plaintiff asserted that she does not drive as much as she used to, because she has thrown up while doing so and often must lie down to resolve her heart fluttering. (A.R. 704.) Plaintiff also claims that she cannot wash and sort laundry without needing to lie down, cannot climb stairs without feeling dizzy and having heart palpitations, and cannot be exposed to certain fumes or scents without experiencing severe coughing episodes. (A.R. 696-707.) Although the ALJ alludes to the fact that "Dr. Klein and the state agency found the claimant capable of performing at least sedentary work," the ALJ does not specifically and clearly state which, if any, of Plaintiff's complaints are contradicted by the medical evidence and/or the medical expert's opinion. (A.R. 23.) Thus, the ALJ failed to address Plaintiff's subjective complaints and set forth reasons for rejecting them in accordance with the proper legal standards.

Further, the ALJ improperly relies, at least in part, on Plaintiff's "intermittent" and "sporadic" symptoms to support an adverse credibility finding. Plaintiff concedes that her condition varies over time, and the record reflects that Plaintiff's symptoms and conditions have been reported as intermittent and sporadic in nature. (A.R. 251, 295, 328, 417, 434.) At the hearing, Plaintiff reported episodes of chest pain daily, varying in intensity, and when severe enough, such

episodes can cause Plaintiff to vomit multiple times. (A.R. 696-97, 701-02.) According to Plaintiff, she experiences daily headaches that impair her ability to concentrate and think clearly, and these headaches are not fully relieved by prescribed pain medication. (A.R. 702-03.) Medical records of treatment and emergency room visits reflect other significant, if intermittent, symptoms affecting Plaintiff, including atypical or intermittent chest pain, exertional dyspnea, coughing secondary to sarcoidosis, and other skin, lung, and cardiac conditions. (A.R. 221, 254, 300, 329.)

The fact that Plaintiff's condition may be intermittent is not, however, entirely inconsistent with a finding of disability. (Joint Stip. at 17-18). Plaintiff must have the "ability to work on a sustained basis." Lester, 81 F.3d at 833. At the hearing before the ALJ, the medical expert testified that Plaintiff "does have some moderate cough and pulmonary symptoms, with shortness of breath," as well as "[cardiac] rhythm disturbances," in spite of various "normal" test results. (A.R. 682-84.) The medical expert further, and critically, testified that an RFC assessment based on functional limitations, "depends on the symptoms that the individual may be having at the time the examination is done. . . . Certainly, multiple examinations would be more credible than a single examination." (A.R. 687.) Given such statements by the medical expert and the serious symptoms from which Plaintiff indisputedly, if intermittently, suffers, the ALJ should have further developed the record to ascertain precisely how such intermittent symptoms may effect Plaintiff's ability to work on a sustained basis.

The ALJ's rejection of Plaintiff's subjective pain and symptom testimony, absent "specific, convincing reasons" for doing so and without proper development of the record, constitutes reversible error.

**III. Remand Is Required**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id*. at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.*

Here, remand is the appropriate remedy to allow the ALJ the opportunity to remedy the above-mentioned deficiencies and errors. *See, e.g.,* Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004)(remand for further proceedings is appropriate if enhancement of the record would be useful); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989)(remand appropriate to remedy defects in the record).

///

**CONCLUSION**

Accordingly, for the reasons stated above, the denial of benefits is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order. Judgment shall be entered reversing the decision of the Commissioner, and remanding the matter for further administrative action consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for Plaintiff and for Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 15, 2008

/s/

MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE